## MARIA GOMES DA SILVA *vs.* JOAQUIN GOMES DA SILVA.

QUESTION RESERVED BY DOLE, J.

HEARING, JUNE 3, 1892.   DECISION, JUNE 27, 1892.

JUDD, C.J., BICKERTON AND DOLE, JJ.

The first Section of Chapter LVI. of the Penal Code authorizes a warrant to be issued on the complaint of the wife against her husband who deserts her and neglects to maintain, provide for and support her, " as provided in Section 1286, Civil Code."

The re-enactment of the same provisions making the support, etc., of the wife obligatory on the husband by the Act of 1888 (Chapter 11 Section 7) keeps the penal law (Chapter 56 Penal Code) alive, although Section 1286 is nominally repealed.

Cases under Chapter 56 of the Penal Code are civil cases, and the plaintiff has the right of appeal.

OPINION OF THE COURT, BY JUDD, C.J.

In order to the full understanding of this case, the following statement of its essential facts becomes necessary. On the 14th of January last, a warrant was issued from the Police Court of Honolulu to arrest the above named defendant on the complaint of the plaintiff, charging the defendant with the offense of deserting his wife, said complainant, without cause, and neglecting to maintain, provide for and support her. At the hearing before the Police Justice, the defendant denied the charge and refused to be reconciled with the plaintiff; and after evidence on both sides, the Court found:

(1).   That the former suits (for separation) are no bar to the present action.

(2).   Defendant has, without cause, deserted plaintiff and neglected to maintain, provide for and support her.

(3).   Defendant has failed to prove, to the satisfaction of the Court, sufficient ill-conduct of the plaintiff to justify defendant in desertion or failure to support.

(4).   Section 1 of Chapter 56, Penal Code, requires a husband to support his wife " as in Section 1286, Civil Code, provided," which last named Section has been repealed.

(5).   This is a civil action in which an appeal lies to the Supreme Court by either party.

And judgment was rendered in favor of the defendant on the fourth finding above set forth.   The case was appealed by plaintiff to the Intermediary Court of Oahu, and Mr. Justice Dole, holding it, reserved the questions of law as follows :

By request of counsel for plaintiff, the Court reserves for the consideration of the Full Court the following questions of law :

(1).   Whether or not Section 1, Chapter 56, of the Penal Code, requiring a husband to support his wife " as in Section 1286 of the Civil Code provided" is of force, said Section 1286 having been repealed.

(2).   Whether or not proceedings under this Act are civil or criminal, and whether an appeal lies in favor of a plaintiff.

The law in the Penal Code referred to (Chapter 56, Section 1) reads :   Upon the sworn complaint before any Judge of a Court of Record, or Police or District Justice, by any party, that his wife has, without cause, forsaken his bed and board, and refused and still refuses to co-habit with him ; or that her husband has without cause, deserted her, and neglects to maintain, provide for and support her, as in Section 1286 Civil Code provided, such Justice may issue a warrant to apprehend and bring before him the party so complained of.

The Legislature of 1888 (Chapter 11) enacted a law "relating to the property and rights of married women," and in the same Act repealed the 1286 Section of the Civil Code.   This Section (1286) provides that "the husband   *   *   *   shall be bound

in law to maintain, provide for and support his wife during marriage in the same style and manner in which he supports and maintains himself." The repeal of this part of the Section by the Act of 1888 was nominal and merely for the purpose of uniformity, for Section 7 enacts that a " husband, whether married in this Kingdom or in some other country and residing in this, shall be bound to maintain, provide for and support his wife during marriage, in the same style and manner in which he supports himself." The legal obligation of a husband to support his wife is precisely the same in both these laws, and the neglect to do this, "as in Section 1286, Civil Code, provided," (which is made the basis of a complaint by the wife against him) is the neglect of a legal obligation imposed upon him. This obligation being by the present law just what is set forth in Section 1286 of the Civil Code, it is no violation of good reasoning to hold that the substitution of the one Act for the other does not destroy the right of the wife to endeavor to secure the performance of this obligation through the penal law.

The provisions of "Section 1286 of the Civil Code" as to the obligation of the husband to maintain, provide for and support still exist, though in another law.

Desertion by the husband, coupled with his neglect to maintain, provide for and support his wife, is ground for the warrant.

We are also of the opinion that this is not a strictly criminal case. The warrant cannot be procured by the public prosecutor ; the complaint must be by the other party to the marriage relation. The fact that the party complained of is brought before the Court by warrant, and not by summons, does not make it a criminal case. The Queen does not prosecute. The public represented by the sovereign has no immediate interest in the case, as a private wrong only is sought to be redressed. This action is analogous to the cases under the Masters and Servants' law in which it has been held that it is erroneous to bring them as Crown prosecutions. *Coolidge vs. Puaaiki*, 3 Hawn., 810. This action certainly allows the plaintiff, on failing in his or her case, to appeal.

32

We therefore remand the case to the Police Court for further proceedings in conformity with the views herein expressed.

*F. M. Hatch*, for plaintiff.

*J. M. Davidson*, for defendant.